

The Law Office of
**Elizabeth E. Macedonio**

52 Duane Street – 7th Floor – New York, New York 10007
Office: 212-235-5494 • Cell: 917-533-5965 • Email: Emacedonio@Yahoo.com

February 7, 2022

<u>**Electronically Filed**</u>

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  <u>United States v. John Tucciarone</u>
19 Cr. 442 (BMC)

Dear Judge Cogan:

This letter is submitted for Your Honor's consideration in the sentencing of John Tucciarone in the above-referenced matter.  Sentencing is currently set for February 9, 2022. For the reasons set forth below, it is respectfully requested that the Court impose a sentence of probation. The requested sentence is sufficient, but not greater than necessary, and would not create a disparity in sentencing with respect to similarly situated defendants in this case.

I.    <u>**Charge and Conviction**</u>

Mr. Tucciarone self-surrendered to authorities on October 3, 2019.  He was released the same day on an unsecured bond. He is named in one count of the thirty-one count Indictment.  Count Ten charges Mr. Tucciarone with operating an illegal gambling business. The Offense Conduct section of the Presentence Report ("PSR") describes the criminal acts committed by the sixteen defendants in this case in over twenty-four pages. Tellingly, Mr. Tucciarone's conduct is limited to a single paragraph. Paragraph 52 states as follows:

> Beginning in October 2018, John Tucciarone and [a co-defendant] together with [two additional co-defendants], owned and operated an illegal gambling club on Wild Avenue in Staten Island. At the club, players could play blackjack games or poker games and the business took a percentage of the money wagered. In addition to the owners, the club employed two dealers and one or more waitresses.

In its simplest terms, Mr. Tucciarone, together with others, operated an unlicensed gambling club. The club was open approximately once a week for a one-year period.  Patrons of the club would go there to have drinks, socialize, and play poker and blackjack card games. There is no allegation of violence or drug use of any sort.

Honorable Brian M. Cogan
United States District Judge
February 7, 2022

As this was the only count in which Mr. Tucciarone was charged, there was no plea bargaining in this case. He pled guilty as charged on October 8, 2020. Under the terms of the plea agreement entered into by the parties, Mr. Tucciarone's total adjusted offense level is 9. As he is in Criminal History Category III, the advisory range of incarceration is 8 to 14 months. The PSR arrives upon a slightly higher calculation as the Probation Department does not recognize the agreed upon one-point reduction for the global resolution in this case. The Court, however, appears to have applied the one-point reduction in previous sentence proceedings in this case. Moreover, the Court sentenced two of the three additional defendants charged in this Count to probationary sentences despite the fact that one of these defendants was also charged with much more serious crimes.

## II.      Mr. Tucciarone's Rehabilitative Efforts

By all accounts, John Tucciarone is a hard-working family man. Attached as "Exhibit A" are letters from Mr. Tucciarone's family members and business partner attesting to his character. As of this writing he is forty-two years of age.

When Mr. Tucciarone was arrested in this case his life was at an impasse.  His father had just passed away from pancreatic cancer.  Mr. Tucciarone was there when his father died and he took his father's passing extremely hard as the two were very close.  His father's death also left Mr. Tucciarone unemployed as he had been working for his father's company. Being the eldest child, Mr. Tucciarone was left to deal with his father's affairs, which was a complex and delicate matter as his sister and niece were living in his father's home. At the same time, Mr. Tucciarone also had a one-year-old son, but he was not living with his son.  He had experienced several brushes with the law for a variety of low-level crimes. His life, it seemed, was not progressing in a positive manner.  But his arrest in this case has changed him for the better.

After his arrest Mr. Tucciarone evaluation his personal life and made significant changes. He moved in with his long-term partner and the mother of his child Alyssa Cassata. Ms. Cassata works as a medical biller. The two are now jointly raising their three-year-old son ███████████████████████ ███████████    Since moving in with his son, the child has progressed tremendously. His father's presence in his life has no doubt contributed to his progress. Ms. Cassata and Mr. Tucciarone have worked out a delicate balance in raising ██████████, both logistically and financially. It would be devastating to the child's development if that were interrupted for any period. Mr. Tucciarone no longer frequents bars or clubs.  He is content being home with his family and with being the best father he can be.

On a professional level, Mr. Tucciarone made significant changes as well. Since his arrest, Mr. Tucciarone has started three successful businesses.  He did all of this during a worldwide pandemic. All the businesses are legally incorporated and insured.

His first business venture was a landscaping business that has a component in Florida.  For this reason, Mr. Tucciarone's bail was extended allowing him to travel to Florida. The business focuses on commercial and corporate management along with a smaller segment of residential clients and a tree service.  He has partners both here and in Florida. The company advertises on websites such as Home Advisor.  They negotiated and signed contracts with chains such as Dollar General, 7-Eleven, Advanced Auto Parts and a company that manages homes in foreclosure. As of this writing, the Florida component is

Honorable Brian M. Cogan
United States District Judge
February 7, 2022

the least successful. Accordingly, Mr. Tucciarone is concentrating his professional efforts in New York. This also allows him to spend more time at home with his family.

As a spinoff of the landscaping business, Mr. Tucciarone opened a snow-plow business. This business now has twenty-eight contracts including fourteen Chase banks. The business is responsible for plowing and salting during inclement weather. This is an on-call business and requires his attention at all hours of the day. Although it is seasonal, the contracts entered into with these companies are profitable. After the recent snow storm in our area, there were days when Mr. Tucciarone was simply too busy to sleep.

The third business is Enviro-Tec. This has been Mr. Tucciarone's most successful venture. The company performs environmental restoration after homes and buildings suffer from disasters such as a flood or fire. The company conducts demolition to remove damaged materials and often reconstructs the damaged area. Enviro-Tec is a licensed mold remediator and specializes in moisture reduction, disinfection, and sanitation. As part of the process, the company professionally seals off the damaged area so as not to contaminate the rest of the building. Since mold is a fast-growing pollutant, it is imperative that the process take place as soon as possible and that it be done correctly. The company is building an inventory of equipment so that it can expand and grow. Having been vetted, Enviro-Tec receives referrals from insurance companies and performed a great deal of work after Hurricane Ida. Given the professionalism of the work performed, Enviro-Tec is now on the preferred vendor list for a number of insurance companies.

None of these businesses would survive if Mr. Tucciarone were not present to complete the work. His business partner Joshua Gibson advises the court in part as follows:

> Your Honor without my friend and business partner our past and future success would not be achievable, John is hands on in every facet of our daily operations. … As a friend and business partner John has helped give our families an opportunity to build something for our kids to be proud of and put a roof over our heads. Without John overseeing our daily operations it would be detrimental to our company.

Letter from Joshua Gibson Exhibit A.

### III.   <u>Conclusion</u>

Often when a Court sentences a defendant it is with only the hope that the defendant travel down a rehabilitative path. That is not the case when it comes to Mr. Tucciarone. While prior to his arrest it seemed as if his life was off course, that is not the case today. Both personally and professionally, Mr. Tucciarone has made great strides. He has committed himself to his family and to building a business to support them. His efforts and hard work cannot be overstated. Most importantly, all the progress he has made will simply disappear if he were removed from his home and from his businesses.

Section 3553(a) of Title 18 provides that "[t]he court shall in every case impose a sentence sufficient, but not greater than necessary to comply with the purposes set out in paragraph (2) of this subsection." This "parsimony clause" applies at every federal sentencing "except as otherwise specifically provided." *Id.*

Honorable Brian M. Cogan
United States District Judge
February 7, 2022

Indeed, the command of the parsimony clause defines the Court's "overarching duty." *Pepper v. United States*, 131 S. Ct. 1229, 1243 (2011).

Among the factors to be considered under § 3553(a) are (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, and (3) "the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from future crimes of the defendant." 18 U.S.C. § 3553(a).

The Court is vested with broad authority to sentence Mr. Tucciarone to a sentence below the advisory Guideline range and such a sentence is warranted here. Considering the facts of the case and Mr. Tucciarone's great success both personally and professionally, a probationary sentence is warranted.

I thank Your Honor for his consideration in this matter.

Respectfully submitted,

*__Elizabeth E. Macedonio__*
Elizabeth E. Macedonio
*Counsel for the Defendant*
*John Tucciarone*

4