

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EAG | *271 Cadman Plaza East* |
| F. #2018R01021 | *Brooklyn, New York 11201* |

February 8, 2022

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. John Tucciarone</u>
      <u>Criminal Docket No. 19-442 (S-1) (BMC)</u>

Dear Judge Cogan:

  The government respectfully submits this letter in connection with the sentencing of defendant John Tucciarone and in response to the defendant's February 7, 2022 sentencing memorandum.

## BACKGROUND

  The defendant, along with certain of his co-defendants, operated an illegal gambling business in Staten Island involving poker and blackjack games for a period of months, in violation of 18 U.S.C. § 1955. The business operated with the support of and participation by Joseph Amato, a captain in the Colombo organized crime family of La Cosa Nostra (the "Colombo family").

## DISCUSSION

  The government respectfully submits that the sentence imposed should reflect the goals of sentencing, as set forth in 18 U.S.C. § 3553(a).

  A. <u>Legal Standard</u>

  The Sentencing Guidelines are advisory, not mandatory. <u>United States v. Booker</u>, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in <u>Booker</u> that the sentencing court must consider the Guidelines in formulating an appropriate sentence. <u>Id.</u> In

Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

    B.    Analysis

The sentence imposed by the Court should take into consideration that operating an illegal gambling business sanctioned by the Colombo family is a serious crime and that Tucciarone's history and characteristics show that his association with criminal activity was not aberrational. See 18 U.S.C. § 3553(a)(1). As described in the Pre-Sentence Investigation Report, Tucciarone sustained several prior criminal convictions before he committed the offense of operating an illegal gambling business. Finally, the sentence should reflect the need to deter others from associating with the Colombo family, a violent criminal enterprise.

## CONCLUSION

The government respectfully submits that the sentence imposed should reflect the goals of sentencing, as set forth in 18 U.S.C. § 3553(a).

                        Respectfully submitted,

                        BREON PEACE
                        United States Attorney

By:   /s/_____
        Elizabeth Geddes
        Assistant U.S. Attorney
        (718) 254-6430

cc:    Clerk of the Court (BMC) (by ECF)
        Elizabeth Macedonio, Esq. (by ECF)